UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| FARES PAWN, LLC AND ) | | |
| WILLIAM K. SAALWAECHTER, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | 3:11-cv-136-RLY-WGH |
| ) | | |
| STATE OF INDIANA, ) | | |
| DEPARTMENT OF FINANCIAL ) | | |
| INSTITUTIONS, CONSUMER ) | | |
| CREDIT DIVISION, JOHN ) | | |
| SCHROEDER, IN HIS ) | | |
| INDIVIDUAL AND OFFICIAL ) | | |
| CAPACITY AS AN EMPLOYEE ) | | |
| WITH THE DEPARTMENT OF ) | | |
| FINANCIAL INSTITUTIONS, ) | | |
| AND MARK TARPEY, IN HIS ) | | |
| INDIVIDUAL AND OFFICIAL ) | | |
| CAPACITY AS AN EMPLOYEE ) | | |
| WITH THE CONSUMER CREDIT ) | | |
| DIVISION OF THE ) | | |
| DEPARTMENT OF FINANCIAL ) | | |
| INSTITUTIONS, AND DAVID H. ) | | |
| MILLS, IN HIS INDIVIDUAL AND ) | | |
| OFFICIAL CAPACITY AS AN ) | | |
| EMPLOYEE WITH THE ) | | |
| CONSUMER CREDIT DIVISION ) | | |
| OF THE DEPARTMENT OF ) | | |
| FINANCIAL INSTITUTIONS, ) | | |
| ) | | |
| Defendants. ) | | |

**ENTRY ON PLAINTIFFS' MOTION FOR AN ORDER
COMPELLING DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Plaintiff's Motion for an Order Compelling

Discovery, filed April 18, 2012. (Docket Nos. 22-23). Defendants filed their

Memorandum in Opposition to Plaintiffs' Motion to Compel on June 11, 2012. (Docket No. 36). Plaintiffs filed their Reply Brief on June 20, 2012. (Docket No. 39). The court ordered the documents to be produced for *in camera* review, and they were provided to the court on July 20, 2012.

## I. Background and Procedural History

This lawsuit arises out of Plaintiffs' claim that Defendants wrongfully denied Plaintiffs' Pawn License Application. Defendants consist of: (1) the State of Indiana; (2) Department of Financial Institutions ("DFI"); (3) John Schroeder ("Schroeder"), general counsel and Deputy Director of the Consumer Credit Division of DFI; (4) Mark Tarpey ("Tarpey"), the Division Supervisor for the Consumer Credit Division of DFI; and (5) David H. Mills ("Mills"), the Executive Director of DFI (collectively, "Defendants"). (Complaint ¶ 4-7).

On March 30, 2009, Plaintiff, William Saalwaechter, the owner of Fares Pawn, LLC ("Fares Pawn", "Plaintiffs") applied for a pawn license to operate a pawn shop at 1432 North Fares Avenue in Evansville, Indiana. (*Id.* ¶ 8). On May 28, 2009, Evansville Pawn and Fares Pawn (the entity that was then operating a pawn shop at that location) entered into an agreement for the transition of the pawns at the location. (*Id.* ¶ 11). On July 28, 2009, Tarpey sent Saalwaechter a letter, which Saalwaechter alleges demonstrated that Tarpey and Schroeder had prejudged Fares Pawn's application of the pawn license. (*Id.* ¶ 13). Plaintiffs allege that DFI, Tarpey, and Schroeder contacted the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in an attempt

to stop Fares Pawn and/or Saalwaechter from obtaining a permit to sell firearms at this location. (*Id.* ¶ 14).

On August 25, 2009, following an official interview with Saalwaechter concerning the Fares Pawn application, Tarpey stated that nothing in the interview had changed the DFI's notion that Fares Pawn would not be granted a pawn license. (*Id.* ¶ 16). The DFI board was then scheduled to hear Saalwaechter's pawn license application on October 8, 2009. (Complaint ¶ 19). The day before the DFI board met, Tarpey sent a memorandum to the DFI board listing only the negative aspects of the Fares Pawn application. (*Id.* ¶ 20). Also, on the day before the board met, Schroeder and Tarpey drafted a denial letter from the DFI board denying Fares Pawn's license. (*Id.* at ¶ 22). On October 9, 2009, following the DFI board meeting, Fares Pawn's license application was denied. (*Id.* at ¶ 23). Plaintiffs pursued an appeal through the administrative process. On June 24, 2010, a Memorandum of Understanding (MOU) was approved for Fares Pawn to receive a conditional pawn license. (*Id.* ¶ 25). Subsequently, Fares Pawn voluntarily dismissed its administrative appeal.

Plaintiffs served a Tort Claim Notice on Defendants on July 3, 2010. (Complaint ¶ 27; *see also* Motion to Compel at Ex. J). Plaintiffs contend that Schroeder, Tarpey, and Mills denied them their Due Process and Equal Protection rights protected by the Fourteenth Amendment. (*Id.* ¶¶ 29, 36). Plaintiffs also raise a claim of intentional infliction of emotional distress against

the State of Indiana and the DFI. (*Id.* ¶ 44). Finally, Plaintiffs claim interference with business relationship as to the State of Indiana and the DFI. (*Id.* ¶ 51).

Plaintiffs filed this Motion to Compel seeking the disclosure of certain information concerning their pawn license application. (Plaintiffs' Brief in Support of Motion to Compel at 2-4). Defendants object to the disclosure of this information, arguing that it is protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process doctrine; Defendants have also provided a privilege log. (*Id.* at 4; *see also* Plaintiffs' Motion to Compel at Ex. C ). Having read the arguments of the parties and the relevant legal authorities and having conducted *in camera* review, the Magistrate Judge concludes that Plaintiffs' Motion for an Order Compelling Discovery must be **GRANTED.**

## II. Discussion

### A. Is this court precluded from ruling on the Motion to Compel under the doctrine of administrative collateral estoppel?

As an initial matter, this Magistrate Judge must resolve whether a prior decision by an administrative law judge ("ALJ") within the DFI regarding the discoverability of evidence sought by Plaintiffs should preclude this court from ruling on the discoverability of the same evidence. The Supreme Court has held that "when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an

adequate opportunity to litigate,' . . . federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) (emphasis added).

To determine whether Indiana administrative decisions are to have preclusive effect, this court must look to the following four-part test: "(1) whether the issues sought to be estopped were within the statutory jurisdiction of the agency; (2) whether the agency was siting in a judicial capacity; (3) whether both parties had a fair opportunity to litigate the issues; and (4) whether the decision of the administrative tribunal could be appealed to a judicial tribunal." *Flowers v. Carson*, 917 F.Supp. 614, 621 (S.D. Ind. 1996) (*citing McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 394 (Ind. 1988)). In this instance, the decision of the ALJ does not have preclusive effect because the issue sought to be estopped was not within the statutory jurisdiction of the DFI.

In order for an ALJ's decision to have a preclusive effect, the issues resolved by the ALJ must be within the statutory jurisdiction of the agency. *Flowers*, 917 F.Supp. at 621. Indiana administrative law generally does allow an ALJ to issue discovery orders. IND. CODE § 4-21.5-3-22. However, whether or not any particular evidence before an ALJ is or is not subject to discovery is not an issue within the DFI's statutory jurisdiction. The DFI's jurisdiction includes the approval of a pawn license. The discoverability of evidence is merely a secondary issue that may come up from time to time during a hearing

before the DFI, but is not within the DFI's jurisdiction. This is because the decision as to whether certain documents may be discoverable or admitted into evidence in the course of an administrative hearing is a matter of "procedure" and is not the finding of "fact" that is material to the outcome of the case before the administrative body. Even if the ALJ's determination of the applicability of a privilege could be considered a "factual" finding, the documents tendered here do not meet the test established for such protection.

This court is, therefore, not bound by the decision of the ALJ, and the Magistrate Judge must make a new, independent decision concerning whether the evidence sought in Plaintiffs' Motion to Compel is discoverable. Because this court is not bound by the prior decision of the ALJ, it must determine if each document sought by Plaintiffs is protected by one of the three privileges Defendants have asserted.

### B. Deliberative Process

First, Defendants suggest that many of the documents are protected because they were part of the DFI's deliberative process in denying Plaintiffs a pawn license. The deliberative process privilege protects communications of a government entity that is part of the department's decision-making process in adopting policies. *Enviro Tech Int'l, Inc. v. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004). Moreover, the privilege "should be invoked only in the context of communications designed to directly contribute to the formulation of *important public policy*." *Anderson v. Marion Cnty. Sheriff's Dept.*, 220 F.R.D. 555, 560-61

(S.D. Ind. 2004) (emphasis in original) (*citing Soto v. City of Concord,* 162 F.R.D. 603, 612 (N.D. Cal. 1995)). Further, the privilege should be applied as narrowly as consistent with efficient government operations. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). If an agency seeks to apply deliberative process as a privilege, it has the burden of showing that the documents must fall within the privilege.

The deliberative process privilege extends only to such pre-decision communications that, if exposed, would cause a detriment to the decision-making process of the agency. *Farley*, 11 F.3d at 1389. To fall within the privilege, the documents must be both "pre-decisional" and "deliberative." *K.L. v. Edgar*, 964 F. Supp. 1206, 1208 (N.D. Ill. 1997); *Enviro Tech Int'l,* 371 F.3d at 375. The "pre-decisional" requirement means that the documents are created before the adoption of an agency policy. *K.L.*, 964 F. Supp. at 1208; *Enviro Tech Int'l,* 371 F.3d at 375; *Gingerich v. City of Elkhart Probation*, 237 F.R.D. 532 (N.D. Ind. 2011). In order to be "deliberative," the documents must actually be related to and reflect the consultative process by which policies are conceived. *K.L.*, 964 F. Supp. at 1208; *Enviro Tech Int'l,* 371 F.3d at 375. The protection does not extend to "factual or objective material or to documents that the agency adopts as its position on an issue." *K.L.*, 964 F. Supp. at 1208. "To be considered 'deliberative' a document should reflect policy or decision-making process, rather than purely factual or investigative matters." *S.E.C. v. Sentinel*

*Mgmt. Group, Inc.*, 2010 WL 4977220 at *3 (N.D. Ill. 2010) (internal citations and quotations omitted).

The Defendants' principal argument is that the Seventh Circuit has not required deliberative process privileged documents to fit into such a strict category. Defendants' documents involve the investigation of matters to determine whether or not to grant Fares Pawn a pawn license on this specific occasion. They are documenting matters of investigation, not discussing the policy-making process. The documents are not the opinions of decision-makers in creating pawn license policy.

In addition, it is important to note that "the privilege was fashioned in cases where the governmental decision-making process is collateral to the plaintiff's suit; if the plaintiff's cause of action is directed at the government's intent, however, it makes no sense to permit the government to use the privilege as a shield." *Anderson*, 220 F.R.D. at 560. Plaintiffs' cause of action in this case is directed at Defendants' intent. Defendants, therefore, cannot use the privilege as a shield against claims of governmental intent.

Upon *in camera* review, the Magistrate Judge concludes that only two documents arguably fall within the deliberative process privilege: (1) an October 2, 2009 Memorandum from John J. Schroeder to the Members of the Indiana DFI ("Board") (Document 45-1 pages 1-5); and (2) a June 18, 2010 Memorandum from Schroeder to the Board (Document 45 pages 4-6). However, these memoranda, like the other materials sought to be protected, are more similar to

the factual or objective matters relating to an agency's intent in a specific case, which the *Anderson* court ruled were not protected by the deliberative process exception, than being a "predecisional policy discussion." *Enviro Tech Int'l,* 371 F.3d at 375. A review of these memoranda and other materials shows that they specifically addressed Plaintiff's application only. They do not compare Plaintiff's application with other applications or discuss how the granting or denying of a pawn license to Fares Pawn would fit into DFI's overarching policy framework. Similarly absent are any discussions of statutes, regulations, past Board decisions, or case law. Finally, the documents contain substantial recitation of factual determinations relevant only to Plaintiff's application. These fact-intensive, particularized findings are at the heart of this particular litigation rather than part of a broader policy discussion, and DFI therefore cannot claim protection of the documents under the deliberative process privilege in this case.

### C. Attorney-Client Privilege

Next, Defendants seek to avoid disclosure of certain documents by asserting that they are protected by the attorney-client privilege. The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. U.S.,* 449 U.S. 383, 394-99 (1981). However, communications between a corporate attorney and any of the corporation's employees is protected by the attorney-client privilege only when the communications to the attorney are for

the purpose of providing legal advice to the corporation. *Upjohn Co. v. U.S.*, 449 U.S. at 389. The privilege only protects disclosure of communications; it does not protect disclosure of any underlying facts. *Id.* at 396.

The Seventh Circuit has embraced the following test for determining if the attorney-client privilege applies to a particular communication:

> (1) Where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) except the protection be waived.

*U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). The party wishing to invoke the privilege has the burden of proving all of these essential elements. *Id.* Furthermore, because the attorney-client privilege is in derogation of the search for the truth, it must be construed narrowly. *Id.* When a corporate officer also acts as general counsel, wearing "two hats," the nature of his communications must be closely scrutinized to separate business communications from legal communications, as the attorney-client privilege is narrow. *BPI Energy, Inc. v. IEC (Montgomery), LLC*, 2008 WL 4225843 (S.D. Ill. 2008) Hence, only communications involving legal advice are privileged; "communications made by and to a corporate in-house counsel with respect to business matters, management decisions, or business advice are not protected by the privilege." *Welch v. Eli Lilly & Co.*, 2009 WL 700199 at *12 (S.D. Ind. 2009). When the parties involve an organization with in-house counsel, communications between

the general counsel and an organizational employee are protected only when the employee is seeking legal advice on behalf of the entity. *Upjohn*, 449 U.S. at 394. The privilege does not apply where the legal advice is incidental to business advice. *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 137 (N.D. Ill. 1993).

In this case, the documents Plaintiffs seek to compel were not made by Schroeder wearing his legal advisor "hat." The attorney-client privilege needs to be narrowly construed as to whether the documents were made by Defendants seeking legal advice from Schroeder. Documents that were not drafted by Schroeder are not protected under the work product doctrine because Schroeder is unclear as to whether he was acting in his capacity as Deputy Director or general counsel.

Simply communicating with in-house counsel is not enough to assert attorney-client privilege. In Schroeder's affidavit he himself was unclear as to whether the documents were drafted by him or emailed or carbon copied to him as general counsel or Deputy Director. The privilege, therefore, does not apply because Schroeder was not sure whether the documents intended to seek legal advice or whether the documents were incidental to business advice.

### D.  Attorney Work Product

While the attorney-client privilege does not protect the documents created by the DFI concerning their investigation, these documents could still be

protected by the attorney work product doctrine. The DFI asserts that the documents created as a result of investigating Fares Pawn's application and qualifications are such attorney work product.

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of "work product." It protects from disclosure: (1) documents and other tangible things; (2) produced in anticipation of litigation or for trial; (3) by or for another party or its representative. FED. R. CIV. P. 26(b)(3). "The threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial." *U.S. v. Cinergy Corp.,* 2008 WL 5424007 at *1 (S.D. Ind. 2008) (internal citations and quotations omitted). The Seventh Circuit has explained that "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak material . . . with the work product privilege; the privilege is not that broad." *Binks Mfg. Co. v. National Presto Industries, Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983).

Consequently, we must ask "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 1118-19 (internal citations and quotations omitted). A distinction must be made between precautionary documents created in the normal course of business for the remote prospect of litigation and those documents which are prepared because an articulable claim, likely to lead to

-12-

litigation, has arisen. *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010). It is the burden of the party seeking to oppose production of the documents to demonstrate that the work product privilege shields the documents at issue from discovery. *See Cummins, Inc. v. Ace American Ins. Co.,* 2011 WL 1655916, at *5 (S.D. Ind. May 2, 2011).

Here, the documents Defendants are seeking to protect were not made in anticipation of litigation. Fares Pawn applied for a pawn license on March 30, 2009. The review of the application denial took place on October 21, 2009. Further, Plaintiffs served Defendants a Tort Claim Notice on July 3, 2010. Documents created before the filing of the Tort Claim Notice cannot be said to have been created in anticipation of litigation; they were merely documents created during the pawn license application process. Therefore, the documents are not protected under the work product doctrine. Because all documents that Defendants seek protected were created *before* the Tort Claim Notice was filed, none was created in anticipation of litigation.

### III.  Conclusion

For the reasons outlined above, Plaintiffs' Motion for an Order Compelling Discovery is **GRANTED.** Defendants are **ORDERED** to provide all documents that were withheld within fifteen (15) days of the date of this Order. Defendants are also **ORDERED** to promptly make available Schroeder for a new deposition

in order to respond to the questions that he was previously instructed not to answer.

**SO ORDERED** the 17th day of August, 2012.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Stacy K. Newton
RUDOLPH FINE PORTER & JOHNSON
skn@rfpj.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov